(23 App. Div. 198.)

COUSE v. NORTON.

(Supreme Court, Appellate Division, Second Department.  December 31, 1897.)

ATTORNEY AND CLIENT—TRANSACTIONS BETWEEN.

The principle that in transactions between attorney and client the burden is upon the attorney to establish affirmatively that such transactions were fair and just, that the client acted on full information of all the material circumstances, and that he did not take undue advantage of his client's complacency, confidence, ignorance, or misconception, is applicable in an action brought by a client to recover damages for the alleged misconduct of the attorney in procuring and advising him to unnecessarily commence an action.

Appeal from trial term.

Action by Catharine Couse against Cyrus W. Norton.  From a judgment dismissing the complaint, plaintiff appeals.  Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

E. F. Bullard, for appellant.

David W. Travis (Cyrus W. Norton, on the brief), for respondent.

GOODRICH, P. J.  The plaintiff alleges that the defendant, an attorney and counselor of this court, has been guilty of official misconduct in procuring and advising her to unnecessarily commence an action for the partition of a house and lot which had been owned by her father, a widower, who died intestate, leaving the plaintiff and the defendants Agnes Conklin and Ann E. Warren, his heirs at law.  The plaintiff and Mrs. Conklin resided in the house, a part of which was let to a tenant, and was bringing in a small rental.  The plaintiff testified that the premises were worth about $1,500 and were subject to a mortgage of $500, held by the defendant Elizabeth N. Johnson, and that she (the plaintiff) also had advanced over $300 to her father, who had promised her a mortgage on the property.  She also contends that the defendant unnecessarily made Mrs. Johnson, the holder of the mortgage on the property, a party defendant, which resulted in the allowance of a bill of costs to her attorney.  The plaintiff alleges that the defendant misadvised her in several other particulars, which it is unnecessary to state.  The partition suit proceeded to judgment, and the property, after several adjournments, was sold for $1,000.  The final judgment ordered the payment of Mrs. Johnson's mortgage of $500, and interest, and the costs of the plaintiff's attorney, $237.50, and of the several parties defendant, who had appeared and answered, aggregating $110, leaving a small surplus—about $25—to be divided between the plaintiff and her two sisters, owners of the fee.  At the trial of the action the court nonsuited the plaintiff on the ground that it did not appear that the defendant had done any wrong.  A careful review of the evidence leaves us in no doubt that there was sufficient evidence to require a submission to the jury of the question of fact.  We have recently had occasion to consider the duties of attorneys to their clients, in Re Demarest, 11 App. Div. 156, 42 N. Y. Supp. 444, and Turnbull v. Banks (not

yet officially reported) 48 N. Y. Supp. 40, and have followed the well-established rule that the burden is upon the attorney to establish affirmatively that his transactions with his client were fair and just, that his client acted on full information of all the material circumstances, and that he did not take undue advantage of his client's complacency, confidence, ignorance, or misconception. The evidence of the plaintiff was: That the defendant called at the plaintiff's house the day after her father's funeral, at a time when she was having an interview with her sister, Mrs. Conklin. That he sent for her to come to another part of the house, and said to her: "You had better come up and administrate [sic] on this home. If you don't, your sister, Mrs. Conklin, will make trouble for you." That she subsequently called at the defendant's office, and signed a paper which, she did not understand to be a complaint in an action for a partition of the property, but which, as she supposed, related to administration of the estate. That she afterwards saw the notice of sale in the paper, and requested the defendant 'to stop it. That she asked the defendant to effect a release of her sister's interest in the house by payment of her share therein, telling him that she had arranged to obtain the money for that purpose. That when she found that the proceedings were to sell the house, she remonstrated, and protested against the sale, but the property was sold against her wishes, and resulted in depriving her of her home. There were other suggestions as to the amount of costs incurred by the proceedings, to which it is unnecessary to refer. We think that the evidence of the plaintiff required the submission of the facts to the jury, and that a nonsuit should not have been granted. We desire to be understood as not passing in advance upon the question of any misconduct of the defendant. His own explanation of the facts may place the subject in a very different light. The only question before us is the one stated,—whether there was sufficient evidence to call for a submission of the case to the jury.

Judgment reversed, and a new trial granted; costs to abide the event. All concur.